UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KEITH FRIZZELL,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-01472 AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1] For the reasons that follow, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

////

////

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); <u>Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler</u>, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

I. PROCEDURAL BACKGROUND

Plaintiff first applied for disability insurance benefits and for supplemental security income on October 31, 2005. Administrative Record ("AR") 244.[2] The disability onset date for both applications was alleged to be September 29, 2004. AR 243, 275. That application was denied on May 7, 2009, and was partially reversed by the Appeals Counsel on August 20, 2009 for rehearing on the Title XVI claim. AR 275. Following remand, plaintiff failed to appear due to a period of incarceration and his claim was procedurally denied, but it was appealed and remanded by the Appeals Counsel again. Id. On rehearing the application was denied with an opinion issued August 30, 2012. Id. Plaintiff failed to appeal, instead filing a new application for Title XVI benefits on December 27, 2012, alleging disability commencing September 15, 2004. Id. This is the application at issue here. Id.

The current application was disapproved initially and on reconsideration. Id. On August 13, 2014, 2014 ALJ Carol A. Eckersen presided over hearings on plaintiff's challenge to the disapprovals. AR 82-136 (transcript). Plaintiff was present via videoconference and testified at the hearing. AR 84. He was represented by David Bartholomew at the hearing. Id. Bonnie Drumwright, a vocational expert, also testified at the hearing. Id. On December 23, 2014, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 275-94 (decision), 295-98 (exhibits). On July 14, 2016 the Appeals Counsel vacated and remanded for rehearing. AR 301-02. On January 12, 2017, ALJ Eckersen held a video hearing in which plaintiff appeared with his attorney, Mr. Bartholomew. AR 33-81 (transcript). On February 9, 2017 ALJ Eckersen issued another adverse disability determination on rehearing. AR 10-26 (decision), 27-32 (exhibits). On May 15, 2017, the Appeals Counsel denied plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner. AR 1-3.

Plaintiff filed this action on July 15, 2017. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 8, 9. The parties'

---

[2] The AR is electronically filed at ECF No. 13-3 through 13-16 (AR 1 – 855).

cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 23 (plaintiff's summary judgment motion), 39 (Commissioner's summary judgment motion). Plaintiff declined to file a reply brief.

## II. FACTUAL BACKGROUND

Plaintiff was born in 1966, and accordingly was 46 years old when he filed the application at issue here. AR 849. Plaintiff has at the equivalent of a high school education and can communicate in English. AR 590, 849.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of

3

which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a. Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

////

////

4

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity after December 27, 2012, the filing date of his current supplemental security income application (20 CFR 416.971 et seq.).
>
> 2. [Step 2] The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, obesity, headaches, a depressive disorder, a traumatic brain injury, an anxiety disorder, posttraumatic stress disorder, and a substance abuse disorder (20 CFR 416.920(c)).
>
> 3. [Step 3] 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4]  After careful consideration of the entire record, that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that: the claimant can occasionally climb ramps or stairs; the clamant can

| | |
|---|---|
| 1 | never climb ladders, ropes, or scaffolds; the claimant can frequently stoop; the claimant can occasionally balance, kneel, crouch, and crawl; the claimant should avoid moderate exposure to hazards; the claimant can perform simple, repetitive tasks; the claimant can have brief, but superficial, interaction with the public; and the claimant can frequently interact with coworkers and supervisors. |

5. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. [Step 5] As the claimant was born [in 1966] the clamant was a younger individual on the filing date of his current supplemental security application. However, beginning [in 2016] the claimant has qualified as an individual closely approaching advanced age (20 CFR 416.963).

7. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CF'R 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since December 27, 2012, the filing date of the claimant's current supplemental security income application (20 CFR 416.920(g)).

AR 10-26.

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 26.

## VI. ANALYSIS

Plaintiff alleges the ALJ made six reversible errors: (1) the ALJ did not provide proper reasons for accepting non-treating, non-examining sources over treating sources; (2) treating physician Dr. Budhram's opinions were not properly evaluated; (3) the ALJ failed to acknowledge plaintiff's neurological impairment at step two; (4) the ALJ improperly discredited LMFT Frost's opinion; (5) the ALJ's assessment of plaintiff's nerve root or cord compromise is contradicted by Dr. Birk's EMG study; and (6) plaintiff's statements of pain and fatigue were

6

improperly discredited. ECF No. 23 at 1. Because the court finds reversible error at step two, the correction of which could impact the remainder of the ALJ's decision, the court addresses only that issue.

   A. <u>The ALJ Erred at Step Two Requiring Remand</u>

The ALJ's failure to include plaintiff's neurological disorder (pseudobulbar affect, or "PBA") as a severe impairment at Step Two is an error that requires remand. "The step-two inquiry is a de minimis screening device to dispose of groundless claims." <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 153 (1987). At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" <u>Webb v. Barnhart</u>, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)). The step two severity determination is "merely a threshold determination of whether the claimant is able to perform his past work. Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability." <u>Hoopai v. Astrue</u>, 499 F.3d 1071, 1076 (9th Cir. 2007). At the second step, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months. <u>Ukolov v. Barnhart</u>, 420 F.3d 1002, 1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). An ALJ's finding that a claimant is not disabled at step two will be upheld where "there are no medical signs or laboratory findings to substantiate the existence of medically determinable physical or mental impairment." <u>Ukolov</u>, 420 F.3d at 1005.

Here, plaintiff alleges that the ALJ erred at step two by ignoring plaintiff's diagnosis of pseudobulbar affect ("PBA"), a neurologic disorder diagnosed in 2015 and confirmed by a treating psychiatrist in 2016. ECF No. 23 at 29. Plaintiff's PBA was diagnosed by Dr. Andrews,

supervising PA Ron Poli, on the basis of an April 23, 2015 exam. AR 737-38. Plaintiff reported his girlfriend was tired of him "crying all the time" and that during the examination plaintiff's mood was emotional and he was tearful. AR 737. On December 8, 2015, treating physician Dr. Harold S. Budhram noted that plaintiff suffered from PBA and had been seen by a psychiatrist. AR 792. Dr. Budhram noted plaintiff suffered "outbursts of coughing" and "making abnormal sound outburst[s]" as well as headaches. Id. Dr. Budhram further acknowledged that plaintiff has good and bad days, and suffers lots of nightmares and depression problems. Id. Plaintiff's therapist, LMFT Ryan A. Frost, drafted a letter acknowledging plaintiff's PBA diagnosis. AR 853. In the letter, Mr. Frost opined that plaintiff presented with "severe emotional reactivity" amongst other psychological symptoms. Id. Mr. Frost stated that plaintiff experiences "overwhelming emotional dysregulation" and it causes him to struggle with "the most basic of human interactions. Id.

Based on the evidence in the record, plaintiff's PBA constitutes more than a "slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities." Webb, 433 F.3d at 686. The Commissioner's argument that the ALJ's failure to address PBA at step two is irrelevant because all of the medically proven functional limitations are addressed in the RFC (AR 29 at 12) is not borne out by the RFC itself, which concludes plaintiff can "frequently interact with coworkers and supervisors." AR 17. At the very least, this finding is not so obviously compatible with the symptoms of PBA described in the medical record as to make the error clearly harmless. AR 272-38, 792, 853.

The Commissioner's second argument, that plaintiff's PBA was managed well on the medication Effexor, is likewise unpersuasive. AR 29 at 12. The record the Commissioner cites is a visit note from Dr. Andrews dated December 1, 2016, stating that "depression is improved with Effexor," which is not a clear statement that plaintiff's PBA-induced emotional outbursts are improved with, let alone controlled by, Effexor. AR 822. The same note states the plaintiff experienced "episodic outbursts of curing or laughing which are involuntary and are not congruent with the patient's emotional state." Id. The note does not state that that these specific symptoms are well controlled by medication. The Commissioner's final argument, that plaintiff's

treating record shows he functions adequately to perform household chores, is not persuasive on its face; performance of household chores can accommodate emotional outbursts in a way that sustained full time employment may not be able to. ECF No. 29 at 12. The ALJ erred in failing to acknowledge plaintiff's PBA as a severe impairment.

### B. Remand is the Appropriate Remedy

The undersigned agrees with plaintiff that the ALJ's error at step two is harmful and that remand for further proceedings by the Commissioner is necessary. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error was harmful because accounting for plaintiff's PBA may have altered the RFC by necessitating greater functional limitations with respect to interactions with coworkers and supervisors. AR 17. It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether he is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ failed to include a severe neurological impairment at step two, the inclusion of which could impact the reminder of the ALJ's findings. Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

### VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 23), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 29), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

////

////

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: January 3, 2019.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE